ARNOLDO CASILLAS, ESQ., SBN 158519
**CASILLAS & ASSOCIATES**
3777 Long Beach Blvd., Third Floor
Long Beach, CA 90807
Tel: (562) 203-3030; Fax: (323) 297-2833
Email:     acasillas@casillaslegal.com

Attorneys for Plaintiffs, Lucien Leyes, Diana Leyes, Lucien Leyes Jr.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIEN LEYES, DIANA LEYES, LUCIEN LEYES, JR.,<br><br>          Plaintiffs,<br><br>  vs.<br><br>CITY OF FONTANA, CITY OF FONTANA POLICE DEPARTMENT; WILLIAM GREEN, NOAH PACULBA, HECTOR QUINONES, MARIO MARTINEZ, DOES 1 through 10,<br><br>          Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>  1. Unreasonable Search & Seizure (42 U.S.C. § 1983)<br>  2. Violation of 42 U.S.C. § 1985 (2)<br>  3. Assault & Battery<br>  4. False Imprisonment<br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR DAMAGES

COME NOW Plaintiffs LUCIEN LEYES, DIANA LEYES and LUCIEN LEYES, JR., and allege as follows:

### I.
### INTRODUCTION

1.     This civil rights action seeks to establish the true and unequivocal facts surrounding the violent and unlawful entry into plaintiffs' home by the various

1. defendant police officers and the related terrorizing of the plaintiffs through the unconstitutional entry into their home, the unnecessary use of force and the unlawful detention of plaintiffs.

2. The present case arises from the unconstitutional entry into plaintiffs' home by various officers of the City of Fontana Police Department. These defendants broke down the door to plaintiffs' home to serve a search/arrest warrant. The warrant, however, was for a different location. The defendant officers violently assaulted Plaintiffs through the use of firearms and violently brutal language. They threatened to kill plaintiffs and committed batteries upon them. After learning that they were at the wrong location, the officers nonetheless remained at the plaintiffs' home, posting armed guards within the home and wrongfully detained them while other officers served the search/arrest warrant upon the correct location.

3. The goal of the present lawsuit is to bring the present extreme misconduct to light, to obtain meaningful compensation for the violations committed and to secure punitive and exemplary damages against the defendant officers so as to prevent similar misconduct by the City of Fontana, the Fontana Police Department and the defendant officers from occurring again.

## II.

## JURISDICTION AND VENUE

4. This is a civil rights action arising from Defendants' deliberately indifferent and/or reckless and/or negligent failure to perform their official duties and from the failure to properly supervise the defendant officers on the part of the Defendants sued based on supervisorial liability, which duty breaches and failures occurred in the County of Los Angeles, California.

5. This action is brought for the redress of alleged deprivations of constitutional rights as protected by 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendment of the United States Constitution. Jurisdiction is founded on 28 U.S.C. §§ 1331, 1343, and 1367.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b), because all incidents, events, and occurrences giving rise to this action occurred in the County of Los Angeles County, California.

## III.

## PENDANT CLAIMS

7. With respect to Plaintiffs' supplemental state claims, Plaintiffs request that this Court exercise supplemental jurisdiction over such claims as they arise from the same facts and circumstances which underlie the federal claims. Plaintiffs have complied with the California Tort Claims Act requirements. With respect to these supplemental state claims, Plaintiffs request that this Court exercise supplemental jurisdiction over such claims as they arise from the same facts and circumstances which underlie the federal claims.

## IV.

## PARTIES

8. At all times relevant hereto, Plaintiffs LUCIEN LEYES, DIANA LEYES and LUCIEN LEYES, JR. (hereafter also collectively "Plaintiffs") were residents of the County of Los Angeles, California. Plaintiffs Lucien Leyes and Diana Leyes were lawfully married husband and wife, and Lucien Leyes Jr. was their natural son.

9. Defendant CITY OF FONTANA (hereinafter also "FONTANA") is and was, at all relevant times hereto, a public entity, duly organized and existing under and by virtue of the laws of the State of California, with the capacity to sue and be sued. Defendant FONTANA is responsible for the actions, omissions, policies, procedures, practices and customs of its various agents and agencies.

10. Defendant FONTANA operates, manages, directs and controls Defendant CITY OF FONTANA POLICE DEPARTMENT (hereinafter also "FONTANA PD"), also a separate public entity, which employs the various police officer defendants and other Doe Defendants in this action. At all times relevant to

the facts alleged herein, Defendant FONTANA was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including FONTANA PD employees, complied with the laws and the Constitutions of the United States and of the State of California.

11. Defendant WILLIAM GREEN (hereinafter also "GREEN" and "CHIEF GREEN") is and was, at all times relevant hereto, the Chief of defendant FONTANA PD and is/was the highest policymaking official of the FONTANA PD.  As chief of police, GREEN was, at all relevant times alleged herein, responsible for the hiring, screening, training, retention, supervision, discipline, counseling, and control of all FONTANA PD officers, employees and/or agents. Defendant GREEN is the supervisor of all individual Defendants and is responsible for any investigations of their wrongful conduct. Defendant GREEN is responsible for taking disciplinary action and for protecting the public, including the Plaintiffs, from the actions and misconduct of officers from the FONTANA PD.  Defendant GEEEN was, at all relevant times alleged herein, responsible for the promulgation of the policies and procedures and allowance of the practices/customs pursuant to which the acts of the FONTANA PD alleged herein were committed. Defendant GREEN is being sued in his individual and official capacities.

12. Defendants NOAH PACULBA, HECTOR QUINONES and MARIO MARTINEZ (hereinafter collectively "Defendant Officers") were at all times relevant employee police officers of defendants FONTANA and FONTANA PD.  Defendant Officers are sued in their official and individual capacities.   At all times relevant to the present action, said defendants were acting under the color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of Defendants FONTANA and FONTANA PD, as well as under the color of the statutes and regulations of the State of California

13. At all times relevant to the facts alleged herein, Defendant FONTANA possessed the power and authority to adopt policies and prescribe rules, regulations,

and practices affecting all facets of the training, supervision, control, employment, assignment and removal of individual members of the FONTANA PD. At all times relevant to the facts alleged herein, Defendant FONTANA was responsible for assuring that the actions, omissions, policies, procedures, practices and customs of its employees, including FONTANA PD employees and agents, complied with the laws and the Constitutions of the United States and of the State of California.

14. At all relevant times, each of DOES 1 through 10 were employees of defendants FONTANA and FONTANA PD. At all times relevant herein, each of DOES 1 through 10 was an employee and/or agent of defendants FONTANA and FONTANA PD and he or she acted under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, and usages of defendants FONTANA and FONTANA PD, as well as under the color of the statutes and regulations of the State of California.

15. At all relevant times, each of the Defendants DOES 1 through 10 was acting within his or her capacity as an employee, agent, representative and/or servant of defendants FONTANA and FONTANA PD and is sued in their individual capacities.

16. On information and belief, at all relevant times, Defendant Officers and DOES 1 through 10, inclusive, were residents of the County of Los Angeles, California.

17. The true names of Defendants DOES 1 through 10, inclusive, are unknown to Plaintiffs, who therefore sues these Defendants by such fictitious names. Plaintiff will seek leave to amend this Complaint to show the true names and capacities of these Defendants when they have been ascertained. Each of the fictitiously named Defendants is responsible in some manner for the conduct and liabilities alleged herein.

18. Defendants DOES 1 through 10 were also duly appointed FONTANA police officers, sergeants, lieutenants, detectives, or other supervisors, officials,

1  executives and/or policymakers of FONTANA PD, a department and subdivision of
2  Defendant FONTANA, and at all times mentioned herein said Defendants were
3  acting in the course and scope of their employment with Defendant FONTANA,
4  which is liable under the doctrine of *respondeat superior* pursuant to California
5  Government Code § 815.2

6        19.    Defendants DOES 5 through 10 are managerial, supervisorial, and
7  policymaking employees of Defendant FONTANA, who were acting under color of
8  law within the course and scope of their duties as managerial, supervisorial, and
9  policymaking employees for Defendant FONTANA. Defendants DOES 5 and 10
10 were acting with the complete authority and ratification of their principal, Defendant
11 FONTANA.

12       20.    Each of the Defendants caused and is responsible for the unlawful
13 conduct and resulting by, inter alia, personally participating in the conduct, or acting
14 jointly and in concert with others who did so; by authorizing, acquiescing or failing to
15 take action to prevent the unlawful conduct; by promulgating policies and procedures
16 pursuant to which the unlawful conduct occurred; by failing and refusing, with
17 deliberate indifference to Plaintiffs' rights, to initiate and maintain adequate
18 supervision and/or training; and, by ratifying the unlawful conduct that occurred by
19 agents and peace officers under their direction and control.  Whenever and wherever
20 reference is made in this Complaint to any act by a Defendant, such allegation and
21 reference shall also be deemed to mean the acts and failures to act of each Defendant
22 individually, jointly and severally. They are sued in their individual and official
23 capacities and in some manner are responsible for the acts and omissions alleged
24 herein. Plaintiffs will ask leave of this Court to amend this Complaint to allege such
25 name and responsibility when that information is ascertained.  Each of the
26 Defendants is the agent of the other.
27 ///
28 ///

V.

**FACTS COMMON TO ALL CAUSES OF ACTION**

21. On March 4, 2020 approximately 1:30pm, the present plaintiffs were not the subject of any criminal investigation, nor had he engaged in any criminal or illegal activity which would make them or their home the subject of a search warrant and/or an arrest warrant. Further, the present plaintiffs were not associated with any other person or persons who were either the subject of criminal investigations or involved in any criminal activity. To the contrary, at the time of the incident underlying this action, Plaintiffs were quietly and peacefully enjoying the comfort of their home.

22. By March 4, 2020, the Leyes family had resided at 5628 Sultana Ave Apt 1, Temple City, California for 18 years. Lucien Leyes worked as an estimator a construction company. As a young man, he served in the military. He and his wife, Diana Leyes, were happily married. She was a housewife. They lived at the location with their son Lucien Jr. who was a research nurse working for a company that developed medications. He worked an early morning shift which would end in late the morning. As such, he slept from the late morning into the early afternoon every day. His bedroom was accommodated with window coverings that kept his bedroom dark during the day to allow him to sleep comfortably. Mr. Lucien Leyes had the habit of coming home when his work assignments allowed to have lunch with his wife. Lucian and Diana Leyes and their son are modest folks. They are a hard-working and religious family. Neither of them had any criminal record.

23. The Leyes apartment was located on the bottom floor of the apartment building. The apartment was visible from the street.

24. At said date and time, Plaintiffs were at their home at 5628 Sultana Ave Apt 1, Temple City, CA. On the day of the underly incident, Lucien Leyes came home for lunch. He parked in front of his apartment building and walked to his apartment with his ladder in hand. As he came to his front door, he noticed various

officers following him. He entered his apartment, he closed the exterior screen door, and the interior wooden front door. As he did so, defendants NOAH PACULBA, HECTOR QUINONES and MARIO MARTINEZ and DOES 1 through 5 broke down the front door and ran into the Leyes living room with assault rifles and pistols pointed at Lucien and Diana Leyes. They screamed at them: "Get on the fuckin' floor" and repeated loud angry course command as they pointed their guns at them. Mr. Leyes got on his knees and was pushed to the floor by an officer. Mr. Leyes felt an officer's knee on his back as he was handcuffed. Ms. Leyes stood in shock. The officers began to search through their apartment yelling "where are the fuckin' guns and drugs!" The defendant officers and DOES 1 through 5, then began to ransack the Leyes home.

25. As their apartment was being torn apart, by defendants NOAH PACULBA, HECTOR QUINONES and MARIO MARTINEZ and DOES 1 through 5, Mr. and Ms. Leyes both feared for their son who they knew was sleeping in his bedroom. They informed the officers that their son was sleeping in his bedroom and pointed it out to the officers. After conducting a search of most of the apartment, three or more officers broke through the bedroom door with semi-automatic rifles, pointing them at Lucien Jr. who was soundly sleeping and violently waking him; "Mother fucker! Show me your hands!" Lucien was shocked into consciousness by the screaming officers and woke to see various armed officers in his dark bedroom pointing guns at him. He was taken to the living room and sat on a couch with his parents.

26. The family answered all the questions that the officers posed to them. They informed the officers that they were not criminals, had no drugs and had no guns. The officers inspected the Plaintiffs' phones. The officers through their questioning, and from the answers given, were able to confirm that they were at the wrong location. The apartment that was the target of the search/arrest warrant was

above the Leyes apartment. They were at the wrong location, and they admitted it to the Plaintiffs.

27. Despite being at the wrong location, the officers nonetheless sequestered the Leyes family in their apartment by posting at least two officers in their apartment to detain the family as the other officers went upstairs to serve the warrant. Plaintiffs were not allowed to move from the couch as the armed sentry officers paced throughout the Leyes apartment.

28. From the time that the officers broke into the Leyes home until the time the left, at least two and a half hours elapsed.

29. Defendants NOAH PACULBA, HECTOR QUINONES and MARIO MARTINEZ and DOES 1 through 5 were violent and malicious in their conduct, pointing guns at Claimant and his family and screaming obscenities at them when they violently broke into the family home. They did so with the intent to cause great fear and trauma in the minds of Plaintiffs.

30. The Leyes's asked the officers and a later-arriving supervisor for a copy of the warrant. None has ever been provided.

31. Although each of the officers that entered the Leyes home wore body-worn video cameras, the footage from the entry into the Leyes home has been destroyed by the defendant officers and DOES 1 through 10 so as to conceal the violent nature of their entry into the Leyes home and to conceal the rough and unconstitutional conduct once they had entered into the Leyes home. The City of Fontana has refused to provide the present Plaintiffs with a copy of the body-worn camera footage of the initial entry into the apartment. Instead, they've provided a copy of a portion of the body-worn camera video showing the present plaintiffs being held hostage in their living room while the search warrant was served on the correct apartment. The video shows the officers attempting, in stilted language, to make small talk with the Leyes's as they sat awkwardly on their couch.

32. The Leyes family, after living at that location for 20 years, moved. They could not bear to remain there because of the fear and panic that they felt there after the assault on their home.

33. Prior to serving the warrant at the wrong address (Plaintiffs' home), the serving officers failed to confirm it was the correct location or even do basic surveillance of the location to ensure that they were going to the location identified in the warrant. They carelessly failed to undertake even a superficial investigation to confirm that the location where they were about to violently serve the warrant was in fact the correct location. No reasonable officer would have confused the Plaintiffs or their home with the subject of the warrant or with location which was the subject of the warrant. The apartment unit which was the subject of the warrant was located on a different floor than Plaintiffs' home. The correct apartment unit was identified by an obvious unit number identifying it as the subject of the warrant. Plaintiffs' home had a prominent unit number at the front door which was clearly visible to the officers in question before they broke into Plaintiffs' home. The prominent number next to Plaintiffs' front door clearly identified Plaintiffs' home as being the wrong location and it put the serving officers on notice that they were serving the warrant at the wrong address. Despite all of these failures and obvious notice, the serving officers intentionally and illegally broke down Plaintiffs' front door and wrongfully assaulted and battered Plaintiffs.

34. Further, the police officers who investigated the underlying criminal activity, and who secured the warrant, DOES 6 through 10, were negligent and deliberately indifferent to Plaintiffs' safety by failing to ensure that the officers who were to serve the warrant were familiar with the apartment complex and with the location which was the target of the warrant. These investigating officers failed to properly brief the officers who would be serving the warrant as to the correct location of the subject unit.

35. The officers involved in the investigation which supported the warrant, the officers who wrote and secured the warrant and the officers who served the warrant, DOES 6 through 10, knew that the occupants of the location where the warrant would be served would be subjected to a violent encounter with police, would have guns pointed at them, would be the subjects of possible death or serious bodily injury, and would be injured and traumatized by the encounter. Notwithstanding this knowledge, they intentionally or negligently failed to ensure that the warrant was served at the correct address.

36. Alternatively, the investigating officers who prepared the warrant at issue, DOES 1 through 10, negligently failed in identifying the correct location or address of the criminal activity that was the subject of the warrant or the location of the subject of the warrant. Their failure to properly identify the correct address and include it in the warrant was the cause of damages or injuries which the present claimant suffered.

## VI.

### FIRST CLAIM FOR RELIEF

**Unreasonable Search and Seizure and Excessive Force**

**42 U.S.C. § 1983**

**As Against Defendants NOAH PACULBA, HECTOR QUINONES, MARIO MARTINEZ and DOES 1 through 5**

37. Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

38. The actions of defendants NOAH PACULBA, HECTOR QUINONES, MARIO MARTINEZ and DOES 1 through 5, as described herein, violated Plaintiffs' rights under the Fourth Amendment to the United States Constitution by subjecting Plaintiffs to an unreasonable and illegal entry upon, and search of, their home and to an illegal and unconstitutional seizures of their persons. At the time that said defendants unconstitutionally and violently entered Plaintiffs' home and unlawfully

detained them, Plaintiffs were not engaging in any unlawful conduct, there was no legitimate or lawful reason to enter Plaintiffs' home, and the seizure of plaintiffs was unwarranted under the circumstances.

39.  The conduct of defendants NOAH PACULBA, HECTOR QUINONES, MARIO MARTINEZ and DOES 1 through 5, as described herein, violated Plaintiffs' rights under the Fourth Amendment to the United States Constitution incorporated and made applicable to states and municipalities by the Due Process Clause of the Fourteenth Amendment, by subjecting Plaintiffs to unreasonable searches of their home and to unreasonable seizures of their person and property.  Defendants, admittedly, were at the wrong location, unlawfully seized and detained each plaintiff, locked Lucien Leyes in handcuffs and applied excessive force in handcuffing him and detaining his such as to cause him injuries.  After confirming that they were at the wrong location and there being no lawful basis to continue to remain in Plaintiffs' home and to detain Plaintiffs, the present defendants nonetheless continued to detain Plaintiffs against their will and in violation of their constitutional rights.  Such conduct was unreasonable under the circumstances in every respect and was undertaken intentionally and recklessly by said defendants.

40.  The violation of Plaintiffs' Fourth Amendment rights occurred pursuant to an unconstitutional custom or practice, maintained by defendants FONTANA and FONTANA PD of subjecting private citizens to unreasonable searches and seizures in violation of the Fourth Amendment to the United States.

41.  Defendants' conduct violated clearly established constitutional or other rights, of which Defendants knew, or of which reasonable public officials should have known, rendering Defendants liable to Plaintiffs under 42 U.S.C. § 1983.

42.  As a result of these defendants' misconduct alleged herein, Plaintiffs also suffered physical and emotional injuries which persist, and which required and will continue to require professional attention.

43. The unauthorized, unwarranted, unreasonable and illegal entry into Plaintiffs' home and search thereof, and the seizure of Plaintiffs, was willful and done with a deliberate disregard for the rights and safety of each plaintiff, and therefore warrants the imposition of punitive damages as to Defendants NOAH PACULBA, HECTOR QUINONES, MARIO MARTINEZ and DOES 1 through 5.

## VII.

## SECOND CLAIM FOR RELIEF

### (VIOLATION OF 42 U.S.C. § 1985 (2))

### As to all individual Defendants

44. Plaintiff refers to and repleads each and every allegation contained in paragraphs 1 through 37 of this complaint, and by this reference incorporates and makes each a part hereof.

45. Commencing March 4, 2020 and thereafter, NOAH PACULBA, HECTOR QUINONES, MARIO MARTINEZ, WILLIAM GREEN and DOES 1 through 10, in the State of California, County of Los Angeles, by reason of their animus against minorities, including Filipino-Americans of which class Plaintiffs belong, invidiously discriminated against Plaintiffs in that they willfully and maliciously assaulted Plaintiffs and violated their rights under the Fourth Amendment as alleged above without just cause and then lied about the facts, by false accounts and falsifying the reports related to the incident and by destroying their body camera footage. Said defendants demonstrated invidious discrimination towards Plaintiffs as Filipino-Americans, and conspired together to act and fail to act in that they willfully failed to intervene in the use of force and in the conducting of unreasonable searches and seizures as alleged herein, failed to discipline and approved of their inferior officers' actions, failed to investigate properly and independently the facts of the incident, maliciously falsified reports and failed to disclose all inculpatory evidence in favor of Plaintiffs, as hereinbefore alleged, for the purpose of impeding, hindering,

obstructing and defeating the due course of justice in the State of California and County of Los Angeles.

46. Defendants, and each of them, purposefully, under color of law, planned and conspired to deny Plaintiffs the equal protection of the laws by (a) denying the right to be free from unreasonable search and seizure; and (b) denying the right not to be deprived of property and liberty without due process of law.

47. By virtue of the foregoing, Defendants, and each of them, violated 42 U.S.C § 1985 (2).

48. As a direct and proximate result of the foregoing, Plaintiff has been damaged as recited above and demands and is entitled to the damages recited in the First Cause of Action, including but not limited to, general and punitive damages against the individual defendants and to attorney's fees.

## VIII.

## THIRD CLAIM FOR RELIEF

**Assault and Battery**

**As Against NOAH PACULBA, HECTOR QUINONES,**

**MARIO MARTINEZ, and DOES 1 through 5 and CITY OF FONTANA**

49. Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

50. On or about March 4, 2020, defendants NOAH PACULBA, HECTOR QUINONES, MARIO MARTINEZ, and DOES 1 through 5, without cause or provocation, threatened Plaintiffs to shoot, strike, hit, punch, kick and/or otherwise forcibly contact plaintiffs and cause them injury. They did so with intention to cause them great fear and serious emotional pain and suffering. Through the threats and through their actions, said defendants then did accomplish this by making Plaintiffs suffer such great fear and serious emotional pain and suffering. This constituted an assault under California law.

51. Thereafter, said defendants forcibly and without reasonable cause did intentionally contact each of the plaintiffs as described herein above. Plaintiffs did not consent to be touched, moved, forced to the ground, pulled from bed, handcuffed and/or otherwise physically contacted by defendants.

52. As a direct and proximate result of the conduct of said defendants Plaintiffs suffered physical and emotional pain and suffering.

53. Defendants FONTANA and FONTANA PD are liable to Plaintiffs for the acts of their public employees, the individual Defendants herein, for conduct and/or omissions herein alleged, pursuant to the doctrine of respondeat superior, codified at California Government Code § 815.2.

IX.

### FOURTH CLAIM FOR RELIEF

False Imprisonment

**As Against NOAH PACULBA, HECTOR QUINONES, MARIO MARTINEZ, and DOES 1 through 5 and CITY OF FONTANA**

54. Plaintiffs reallege and incorporate the foregoing paragraphs as if set forth herein.

55. As alleged herein above, the defendant intentionally restrained, detained, or confined Plaintiffs.

56. The restraint, detention, or confinement forced the Plaintiffs to stay in their home/living room seated on their couch for some appreciable time, while a sentry was posted in their home confining and restraining Plaintiffs in their living room;

57. The Plaintiffs did not consent;

58. As a direct and proximate result of the conduct of said defendants Plaintiffs suffered physical and emotional pain and suffering.

59. Defendants FONTANA and FONTANA PD are liable to Plaintiffs for the acts of their public employees, the individual Defendants herein, for conduct

and/or omissions herein alleged, pursuant to the doctrine of respondeat superior, codified at California Government Code § 815.2.

## X.
## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

1. Compensatory damages in an amount according to proof, which is fair, just, and reasonable.

2. Punitive and exemplary damages under federal law and California law, in an amount according to proof and in an amount which is fair, just, and reasonable against each individual Defendant, except the municipal Defendants.

3. All other damages, penalties, costs, interest, and attorneys' fees as allowed by 42 U.S.C. §§ 1983 and 1988; California Code of Civil Procedure §§ 377.20 *et seq.*, 377.60 *et seq.*, and 1021.5; California Civil Code §§ 52 *et seq.*, 52.1; and as otherwise may be allowed by California and/or federal law; and

4. For such other and further relief as the Court deems just and proper.

Dated: November 15, 2021         CASILLAS & ASSOCIATES

By:     */s/ Arnoldo Casillas*
ARNOLDO CASILLAS
Attorneys for Plaintiffs, LUCIEN LEYES, DIANA LEYES, LUCIEN LEYES, JR.,

# DEMAND FOR JURY TRIAL

Plaintiffs LUCIEN LEYES, DIANA LEYES and LUCIEN LEYES, JR., hereby respectfully demand a jury trial in this action, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

Date: November 15, 2021            CASILLAS & ASSOCIATES

                                           By:    */s/ Arnoldo Casillas*
                                           ARNOLDO CASILLAS
                                           Attorneys for Plaintiffs, LUCIEN LEYES,
                                           DIANA LEYES, LUCIEN LEYES, JR.,